**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 06-01566-JW |
| | Chapter 13 |
| Julia Simmons, | **ORDER** |
| Debtor(s). | |

FILED
___ O'clock & ___ min
MAR 0 2 2007
United States Bankruptcy Court
Columbia, South Carolina (6)

ENTERED
MAR 0 6 2007
J.G.S.

This matter comes before the Court on an objection ("Objection") by William K. Stephenson, Jr. ("Trustee") to the attorney's fee claim of Jane H. Downey ("Counsel"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Feb. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law.[1]

**FINDINGS OF FACT**

1. Counsel is the attorney for Julia Simmons ("Debtor").

2. On April 18, 2006, Counsel filed a voluntary petition for Debtor under chapter 13 of Title 11.

3. Pursuant to Fed. R. Bankr. P. 2016(b), Counsel filed with the petition a Disclosure of Compensation. This disclosure indicates that Counsel received $1,523.00 in attorney's fees prior to the petition and that Debtor owed a balance of $1,777.00 for a total fee of $3,300.00.

4. On April 19, 2006, Counsel filed a proof of claim in the amount of $1,777.00. No retainer agreement or other supporting documents were attached to Counsel's claim.

5. Debtor's chapter 13 plan provides that Counsel's proof of claim in the amount of $1,777.00 should be paid through the chapter 13 plan but preserved the right of the Court to

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

review the fee and for parties in interest to object. Debtor's chapter 13 plan was confirmed on November 8, 2006.

6. On December 18, 2006 Trustee filed the Objection to Counsel's claim. Trustee seeks to reduce the claim by $300.00, thereby allowing Counsel a total claim of $3,000.00,[2] an amount that has been deemed presumptively reasonable by the chapter 13 trustees in a Reform Act case within this District and often called a "no look" fee.[3]

7. Counsel filed a return to the Objection. Counsel's return indicates that all of her fees should be allowed because: 1) she was required to file a motion to extend the automatic stay; 2) she had to attend two meeting of creditors because Debtor did not appear at the first meeting of creditors; 3) she had to appear at two hearings on the motion to extend the automatic stay because Debtor did not appear at the first hearing; and 4) she is a certified bankruptcy specialist and is held to a higher standard. Counsel also asserted at the hearing on the Objection that this case was filed over the Easter weekend, thus necessitating filing this case at an inconvenient time for Counsel, and that the Court should otherwise allow an additional fee when a case involves a repetitive filer.

8. At the hearing on the Objection, Counsel did not produce a retainer agreement, time records,[4] or other evidence supporting her claim.

---

[2] In 2004, the median fee for a chapter 13 case was reported at $1,500.00. See 4 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 294.1 at 294-42 (3d ed. 2000 and Supp. 2004). In neighboring Georgia, the bankruptcy court increased the "no look" fee in a chapter 13 from $1,500.00 to $2,500.00 following enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA" or the "Reform Act"). See In re Murray, 348 B.R. 917 (Bankr. M.D. Ga. 2006).

[3] In some jurisdictions, presumptive or no look fees are set by the respective courts. See 4 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 294.1 at 294-23 through 294-42 (3d ed. 2000 and Supp. 2004).

[4] Counsel indicated at the hearing that she does not maintain time records in such cases but rather bills on a flat rate and would have to recreate the records.

**CONCLUSIONS OF LAW**

I.    **Introduction**

In this District, an attorney representing a debtor in chapter 13 case is generally paid a retainer and a further portion of an agreed upon fee through the plan by filing a proof of claim, pursuant to the terms of the form plan utilized in this District.[5] The Trustee and other chapter 13 trustees within this District usually will not oppose a claim filed by a debtor's attorney if the total attorney's fees fall within an amount that the trustees have deemed to be presumptively reasonable.[6] This procedure is similar to that in other jurisdictions.[7] See 4 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 294.1 at 294-27 (3d ed. 2000 and Supp. 2004) (citing cases and stating "the practice is almost universal that fee requests by debtors' counsel below a certain amount will not be questioned in a district notwithstanding that a precise hourly rate and time

---

[5] In this District, $3,000.00 has been deemed by the chapter 13 trustees as the *de facto* maximum presumptively reasonable fee for representation of a debtor in a case following the effective date of BAPCPA. Such representation includes nearly all matters associated with the case including motions to extend the automatic stay. See SC LBR 9010-1(d). The presumptively reasonable fee is not formally set forth by the trustees but appears to be a matter of practice that has evolved over the years and that is periodically announced to the bar. Weighing the various requirements of BAPCPA, it appears that the trustees substantially increased what they deem to be presumptively reasonable to $3,000.00. A recent survey of other districts within the Fourth Circuit indicates that $3,000.00 is equal to or greater than the presumptively reasonable fee in the majority of other districts for such cases. See The Hon. A. Thomas Small et al., A Review of 2006 4th Circuit Bankruptcy Decisions, Address Before the Bankruptcy Judges of the Fourth Circuit (Jan. 18, 2007).

[6] Counsel asserted that the presumptive fee is set by the Court; however, this jurisdiction has not formally adopted a local rule setting presumptively reasonable fees. See In re Stamper-Part II, C/A No. 02-09812-W, slip op. at 10, n. 13 (Bankr. D.S.C. Dec. 19, 2005) (stating that this Court has not formally set forth standard fees for representation in a chapter 13 case). See also, In re Chapman, 323 B.R. 470, 472, n.1 (Bankr. W.D. Wis. 2005) (describing a similar arrangement in Wisconsin). An attorney's fees, though presumptively reasonable under the trustees' standards, may be reduced if the attorney's services were deficient. See In re Solorio, C/A No. 05-14461-W, slip op. (Bankr. D.S.C. Jan. 31, 2007) (reducing the claim of a debtor's attorney in a chapter 13 for deficient services). See also, In re Yates, 217 B.R. 296, 301 (Bankr. N.D. Okla. 1998) (finding that a presumptively reasonable fee is the maximum amount allowed without a fee application and detailed records rather than the minimum amount allowed in all cases).

[7] To date, this procedure has served as a great convenience to the bar and reduced the costs upon debtors within this District as it saves their attorneys from filing fee applications and supporting those applications with an itemization of the fees earned. See In re Eliapo, 468 F.3d 592, 599 (9th Cir. 2006) (discussing the policy reasons for a "no look" fee); In re Burton, 278 B.R. 645, 650 (Bankr. M.D. Ga. 2001) (same). As the Court in Walker noted, this procedure often results in an attorney receiving a presumptively reasonable fee that is within $300.00 of her actual fee even though the attorney may have spent more or less time on the case. See In re Walker, 319 B.R. 917, 922 (Bankr. S.D. Ga. 2004).

3

expended calculation is not performed in each case."). In this case, the Court must determine the reasonable fee to be paid and its relation to the presumptively reasonable fee utilized by the trustees in this District since it is the basis for the Objection.

## II.    Burden of Proof

This matter comes before the Court on an objection to a proof of claim rather than an objection to a fee application. Nevertheless the burden of proof is still ultimately on Counsel to prove her entitlement to the fees charges. See In re Prevatte, C/A No. 06-03131-DD, slip op. at 3 (Bankr. D.S.C. Jan. 29, 2007) (noting that a proof of claim is not presumptively valid where it is not accompanied by supporting documentation); In re Moss, 90 B.R. 189 (Bankr. D.S.C. 1988) (finding that the burden is on the attorney seeking fees through a proof of claim to prove that the fee is reasonable); In re Rosen, 25 B.R. 81 (Bankr. D.S.C. 1982) (finding that the burden is on the attorney seeking fees through a fee application to prove that the fee is reasonable).

One of the benefits of the "no look" arrangement is that Counsel's fees are seldom challenged, if the fees are within the presumptively reasonable amount. Normally, Counsel would need to demonstrate through a fee application the reasonableness of fees but the presumptive fee reduces that need, delay, and the cost associated with that procedure. However, when the amount exceeds the presumptively reasonable amount and an objection is filed, Counsel is required to come forward with evidence justifying the fee. See Shealy, C/A No. 02-15166-W, slip op. (Bankr. D.S.C. May 22, 2006) (sustaining a trustee's objection to a proof of claim that exceeded the presumptively reasonable amount where the attorney offered no evidence that additional time was required but only speculated that he spent additional time based upon the complexity of the matter); Yates, 217 B.R. at 302-303. This Court has consistently awarded less than the requested fee where an attorney fails to offer evidence in

support of the fee or otherwise meet his burden of proof in demonstrating that the requested fee is reasonable. See Moss, 90 B.R. at 191; Shealy, slip op. at 2-3 (denying an attorney's request for additional fees in filing for a moratorium when the attorney offered no evidence that additional time was required but merely estimated in court that additional time was required because the matter was more complex than an ordinary moratorium motion); In re Allied Finance Corp., C/A No. 79-353-D, slip op. at 10 (Bankr. D.S.C. Oct. 17, 1983) (disgorging $10,000.00 of fees based, in part, on a lack of evidence of the attorney's actual time and evidence that the fee was reasonable under the lodestar method); In re Baldwin, C/A No. 82-00302-D, slip op. at 4 (Bankr. D.S.C. May 23, 1989) (awarding half of the attorney's fees requested because all of the time expended in the case did not appear to be necessary and beneficial to the estate).

In many jurisdictions, courts require attorneys to submit a fee application when seeking an amount above the presumptively reasonable fee. See Yates, 217 B.R. at 302-303. Counsel, like other consumer bankruptcy practitioners, appears not to keep contemporaneous time records. Some courts will deny a request for fees if an attorney is unable to support the request with contemporaneous time records. See In re Finlasen, 250 B.R. 446, 449 (Bankr. S.D. Fla. 2000) (finding "the applicant must contemporaneously and accurately document time entries in support of a fee application"); In re Malewicki, 142 B.R. 353, 356 (Bankr. D. Neb. 1992) (holding counsel must keep time records in all cases in order to establish reasonableness of fee in the event a dispute arises regarding same); In re Newman, 270 B.R. 845, 847-49 (Bankr. S.D. Ohio 2001) (holding fee applications filed by attorneys for work done in Chapter 13 cases had to be denied to extent that attorneys sought compensation for work performed before their law firm began to keep contemporaneous time records). This Court believes that the better approach is to allow an attorney, who does not keep contemporaneous time records, to reconstruct her time or

to allow the attorney to otherwise demonstrate by other evidence that the fee is reasonable pursuant to the Fourth Circuit's decision of Harman v. Levin, 772 F.2d 1150, 1152-1153 (4th Cir. 1984). See Boleman Law Firm, P.A. v. U.S. Trustee, C/A No. 03:06CV447, slip op., ___ B.R. ___, 2006 WL 3455062 at * 3 (E.D. Va. Nov. 28, 2006) (finding, under Fourth Circuit law, contemporaneous time records are not required but the court may give weight to the lack of records in making a determination of a reasonable fee). Reconstructed time will be afforded less weight than contemporaneous time records given the inherent inaccuracies of reconstructed time. See id.; Moss, 90 B.R. at 191 (finding that "reconstructed records are less credible than records contemporaneously kept" and reducing a proof of claim by more than sixty percent based upon the lack of records); In re Pinkins, 213 B.R. 818, 824 (Bankr. E.D. Mich. 1997) (reducing fees by twenty percent since there was a lack of contemporaneous time records).

### III.  Standard of Review

This Court has the duty and the authority to review the reasonableness of attorney's fees sought and obtained by debtors' attorneys. See In re Henderson, C/A No. No. 05-14925-jw, slip op. at 4 (Bankr. D.S.C. Sept. 5, 2006). In reviewing whether Counsel is entitled to attorney's fees, the Court is guided and bound by the Bankruptcy Code and Fourth Circuit law. Appropriate fees "must be fair, neither so high that the *res* the proceeding is designed to protect is consumed, nor so parsimonious as to discourage the active participation of competent counsel." In re Lafayette Radio Electronics Corp., 16 B.R. 360, 362 (Bankr. E.D.N.Y. 1982) (citing In re Farrington Mfg. Co., 540 F.2d 653 (4th Cir. 1976)). The criteria for awarding attorneys' fees in Chapter 13 are set forth in 11 U.S.C. § 330.

Section 330(a)(4)(B) states:

> In a chapter 12 or chapter 13 case ... the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

The test for reasonableness is found in 11 U.S.C § 330(a)(3) and states:

> In determining the amount of reasonable compensation to be awarded... the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including-
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)

Layered onto the factors set forth in 11 U.S.C. § 330 are certain other factors adopted by the Fourth Circuit. In Harman, the Fourth Circuit determined that the lodestar method may be used to calculate reasonable attorney's fees in a chapter 13 case. See Harman, 772 F.2d at 1152. The lodestar method involves a consideration of the following factors: "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of

7

the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." Id. (citing Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978). Though the time/hourly rate computation is not necessarily determinative of Counsel's fee under Harman, it is a factor that should be given great weight. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (finding "the most useful starting point for determining the amount of a reasonable fee" is to determine the lodestar amount, or "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."); 4 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 294.1 at 294-23 through 294-24 (3d ed. 2000 and Supp. 2004) (discussing how the Fourth Circuit's application of the lodestar method in a chapter 13 case differs from other Circuits). The guiding principal under the Bankruptcy Code is that the fee must be reasonable. See 11 U.S.C. § 330(a)(4)(B); Baldwin, slip op. at 4.

### IV.    Application of the Law to the Facts

#### A.    Sliding Scale

Counsel urges the Court to use a sliding scale in determining her fee request, arguing that the Court should allow a fee greater than the presumptively reasonable amount in cases where the debtor is a repetitive filer. The argument is premised on the notion that additional work is required in this type of case because of provisions of BAPCPA effecting repetitive filers.[8] However, these additional responsibilities appear to have already been accounted for since the

---

[8]    Pursuant to SC LBR 9010-1(d), an attorney represents a debtor in nearly all matters connected with her bankruptcy case. In some instances, attorneys file supplemental proofs of claim for unanticipated services, such as a motion for a moratorium, and trustees do not oppose these claims if it is under a presumptively reasonable amount for that particular service. See In Shealy, slip op. at 2-3 (sustaining a trustee's objection to a fee request for a moratorium where the fee exceeded the presumptively reasonable amount for a moratorium motion and counsel lacked evidence as to the value of his service). It appears that the Court should evaluate whether a local rule should be adopted that more formally sets forth a presumptively reasonable fee structure in this District.

presumptively reasonable fee for representing a chapter 13 debtor substantially increased after the effective date of BAPCPA, with $3,000.00 being the highest presumptive fee of the range of fees deemed reasonable by the trustees within this District.[9] BAPCPA has certainly altered bankruptcy practice but the new requirements do not impose conditions unique to this case but rather these new burdens are common to many cases filed after October 17, 2005. Further, the adoption of a sliding scale is not supported by any evidence indicating that the total time required in this case was in excess of other Reform Act cases, or that Counsel's peers are charging an additional fee in cases similar to this case. See In re Pineloch Enterprises, Inc., 192 B.R. 675, 678 (Bankr. E.D.N.C. 1996) (finding that one of the most important factors in determining whether a flat fee is reasonable is considering what other attorneys charge for similar cases). Thus, this argument is not supported by the factors set forth in Harman. This Court concurs with Yates and other cases in finding that the better approach is to require Counsel to submit a fee application to respond to a fee objection when seeking fees above a well established presumptively reasonable amount.[10] See Yates, 217 B.R. at 302 (rejecting the sliding scale approach). Counsel has not submitted a fee application but the Court will nevertheless review whether the fee was reasonable under applicable law.

### B. Application of the Lodestar Method

Counsel is a certified bankruptcy specialist within this District. Some courts have noted that specialists are held to a standard of care similar to that of other specialists. See e.g., Duffey Law Office, S.C. v. Tank Transport, Inc., 535 N.W.2d 91, 95 (Wis. Ct. App. 1995). The skill of

---

[9] The Court's records indicate that Counsel and other attorneys were receiving approximately $1,800.00 for representing a debtor in a chapter 13 prior to BAPCPA.

[10] Trustee only objects to amounts above the presumptively reasonable amount, so while procedure does not require it, the Court will, in this case, limit its review to only the fee above the presumptively reasonable amount. See Stamper, slip op. at 8-9 (finding the Court may review an attorney's fees even though no party in interest has objected).

an attorney is also a factor considered under Harman and § 330(a)(3). See Harman 772 F.2d at 1152. However, as Harman indicates, the Court should only consider the skill of the attorney when that skill was "required." See id. Counsel has failed to demonstrate how her standing as a specialist has added additional value to the estate in this consumer case. See Rosen, 25 B.R. at 85 (finding that the reasonableness of an attorney's fee should be judged in relationship to how the attorney's services benefited the estate); Yates, 217 B.R. at 302-303 (noting that the court did not question the skill of the attorney but could not award fees in excess of the presumptively reasonable amount absent more compelling evidence); In re Copeland, 154 B.R. 693, 699 (Bankr. W.D. Mich. 1993) (finding the work performed must be judged in relation to the benefit to the estate and noting that most chapter 13 work is routine). Though an extension of the automatic stay was necessary in this case, that motion and the other matters performed by Counsel do not appear to require expertise beyond that of an ordinary consumer bankruptcy practitioner at this point after the effective date of the Reform Act. See In the Matter of Union Cartage Co., 56 B.R. 174, 178 (Bankr. N.D. Ohio 1986) (finding that a skilled attorney does not add value to the estate merely by performing routine service that could be performed by other attorneys with less experience). This case appears to be similar to routine chapter 13 cases after BAPCPA and thus the skill of a bankruptcy specialist was not required. See 11 U.S.C. § 330(a)(3) (considering the complexity of the issue and the skill required); Harman, 772 F.2d at 1153 (noting a chapter 13 case involves a number of routine matters with which regular practitioners can become familiar). Given the lack of evidence that Counsel's standing as a specialist added value to the estate, the Court rejects her argument that she is entitled to additional fees on this basis. See Rosen 25 B.R. at 85.

Counsel also argues that the additional fees of $300.00 should be allowed based upon the additional and unanticipated work she performed in attending two meetings of creditors and two hearings on a motion to extend the stay. While the Court is convinced that Counsel attended these additional hearings, Counsel's 2016 form, filed at the outset of the case, stated the fee at $3,300.00, indicating it was not based upon unanticipated services. See In re Angelika Films 57th, Inc., 227 B.R. 29, 42 (Bankr. S.D.N.Y. 1998) (stating that the bankruptcy court should "scrupulously avoid" hindsight in determining whether a requested fee is reasonable).

Finally, Counsel also argues that the claim is justified by the need to extend the stay[11] and by the expedited nature of this case, filed over an Easter weekend. Perhaps additional work was needed to perform these tasks; however, any such additional work would have to be compared with all other work performed in the case to justify the total fee claimed. Counsel offers no evidence as to her retainer agreement, her time spent, her hourly rate, or her entitlement to an hourly rate or an additional fee for this work. Indeed, the outcome of this matter boils down to a lack of proof by Counsel. See Guidry v. Clare, 442 F.Supp.2d 282, 294 (E.D. Va. 2006) (finding that inadequate documentation is grounds to reduce the attorney's fees of a debtor's attorney); Shealy, slip op. at 2-3 (denying an attorney's request for fees above the presumptively reasonable amount where counsel offered no evidence justifying the amount requested). Without counsel's time records and evidence of her hourly rate and retainer agreement or other evidence of value and benefit to the estate for all of her services in this case, the Court is unable to justify awarding her the additional fees requested when considering the other factors set forth in Harman. See

---

[11] It may be that an additional fee is justified where an attorney is required to move to extend the automatic stay but it does not necessarily follow that $3,300.00 would be the presumed reasonable fee in such cases. The current presumptively reasonable fee appears to be in response to a pre-Reform Act belief that the Reform Act would substantially alter the bankruptcy practice. However, more than a year into the Reform Act, whether Reform Act changes have so altered the nature of chapter 13 representation or substantially increased the work associated with chapter 13 representation to justify nearly doubling the presumptively reasonable fee would be subject to review by the Court. Given these considerations, the Court may study whether it should set presumptively reasonable fees, which may result in a presumptive fee of something lower than $3,000.00.

Yates, 217 B.R. at 302-303 (holding that in the absence of time records of the hours work and the tasks performed the court could not award a fee above the presumptively reasonable amount); Shealy, slip op. at 2-3 (same). As the undersigned discussed in Shealy and Judge Davis discussed in Moss, evidence is required when an attorney makes a claim against the estate for fees and the request for fees must be denied when there is no evidentiary support for the request, only speculation that additional fees are appropriate. See Moss, 90 B.R. at 191; Shealy, slip op. at 2-3.

Though not all of the Harden factors are applicable, each factor indicates that Counsel should receive no more than $3,000.00, the presumptively reasonable fee in this District agreed to by the Trustee. For instance, nothing indicates that this case involved novel or complex legal issues that requires the skill of a specialist. There is also no evidence that Counsel lost other opportunities in filing this case for Debtor or that Debtor's case was otherwise undesirable. As acknowledged by Counsel, the customary fee in this District for representation of a chapter 13 debtor is $3,000.00 or less, thus meeting the fifth part of the Harden test. The Court also presumes that Counsel has received a like fee in similar chapter 13 cases since $3,000.00 is the presumptively reasonable fee and therefore the twelfth part of the test is met. See Baldwin, slip op. at 4 (finding that an award of fees in a similar cases weighs heavily against granting a greater award). The remaining parts of the test are not applicable or, as previously discussed, do not support Counsel's claim to additional fees. Therefore, the Court must conclude that Counsel is entitled to no more than $3,000.00 given that there is not sufficient evidence that she is entitled to the additional fee claimed. See Shealy, slip op. at 2-3.

### C. Counsel's Fee

In this case, since Counsel seeks more than $3,000.00, the Trustee has objected. With her challenge to the presumptive fee, Counsel should accept the burden that all of her fee may be reviewed and that she is not necessarily entitled to the "no look" fee merely because the Trustee has not taken issue with it. See Walker, 319 B.R. at 922 (noting that a presumptively reasonable fee is not the minimum fee received for representation but that an attorney should be awarded less that the presumptively reasonable fee when there is not sufficient evidence that the attorney earned the entire fee). The Ninth Circuit has recently found that there are three alternative ways for an attorney to receive compensation in a chapter 13. See Eliapo, 468 F.3d at 600. In Eliapo, the Ninth Circuit found that an attorney may seek the presumptively reasonable fee, the attorney may seek the presumptively reasonable fee and later seek compensation beyond this fee by way of a fee application, or the attorney may seek more than the presumptively reasonable fee from the outset by presenting a fee application and proof of her entitlement to a fee. See id. Counsel appears to have chosen the last option by initially seeking a fee beyond the presumptively reasonable amount. By doing so, she runs the risk she may not receive a fee since she bears the burden of proof on this issue. See id. Counsel, despite having notice of her burden of proof under the prior decisions of this Court, offered no evidence that she was entitled to any of the fee claimed, which could lead to the conclusion that all of her fees should be denied since she has not carried her burden of proof. See In re Davila, 210 B.R. 727, 733 (Bankr. S.D. Tex. 1996) (denying fees in 155 cases where the attorney had incomplete records of the services performed and did not maintain time records); Moss, 90 B.R. at 191 (reducing an award of fees because the evidence did not support the fee requested); Walker, 319 B.R. at 922 (same); Shealy, slip op. at 2-3 (same). In this case, the Court believes that the denial of all fees is too severe given that the

13

Trustee does not challenge Counsel's fees beyond the presumptively reasonable amount and that this Court has not previously addressed the "no look" fee at issue in this case. In the future and as a result of this case, there is likely to be greater scrutiny of fees when challenged by a trustee or party in interest and Counsel and the bar should be prepared to fully meet their burden of proof in demonstrating that the entire requested fee is reasonable.

## V.   *Res Judicata*

In Young, the bankruptcy court implied that confirmation of a debtor's chapter 13 plan, which provided a specific distribution to the attorney, precluded the United States Trustee from later challenging the flat fee charged by the attorney under the doctrine of *res judicata*. See In re Young, 285 B.R. 168, 172-173 (Bankr. D. Md. 2002) (discussing the no look procedure in the District of Maryland). Though this issue was not raised by Counsel and therefore deemed waived by her, the Court believes it should address this issue for guidance in other cases.

Debtor's confirmed plan specifically allows Counsel the fees that she seeks; however, the allowance, pursuant to the terms of the plan, is subject to review and objection. Neither the plan nor the Bankruptcy Code sets forth a firm deadline by which an objection must be made to a proof of claim. The amount of Counsel's fees was not a matter concluded by the plan since it specifically allows for further review and objection and therefore the plan is not accorded *res judicata* effect on this issue. See 11 U.S.C. § 1327 (setting forth the matters concluded by confirmation of a chapter 13 plan); In re Varet Enterprises, Inc., 81 F.3d 1310, 1315 (4th Cir. 1996) (discussing the application of *res judicata* in the context of plan confirmation).

This Court also disagrees with Young to the extent the decision would construe 11 U.S.C. §§ 329 and 330 narrowly to preclude further review of the value of services provided by attorneys. See Young 285 B.R. at 175. Section 330(b) specifically allows the Court to award

Counsel compensation in an amount that is less than the compensation requested. The section also allows the Court and the Trustee to challenge compensation at any time. There is no requirement in this section or in the companion section of § 329(b) that this determination of compensation be made prior to confirmation. Often the value of an attorney's service is called into question after confirmation where the attorney fails to perform for the debtor and, when appropriate, this Court has reduced or eliminated the attorney's compensation on motion of the debtor or on motion of the Trustee. See Solorio, slip op. at 4-5; In re Grimsley, C/A No. 04-02072-W, slip op. (Bankr. D.S.C. May 26, 2006). The review of attorney's fees after confirmation is of particular importance in this jurisdiction in light of SC LBR 9010-1(d), which imposes an ongoing obligation on attorneys to represent their clients in nearly all matters arising in a bankruptcy case. See Stamper, slip op. at 11-13. Other courts have likewise held that confirmation is not binding as to the amount and reasonableness of attorney's fees. See In re Briggs, ___ B.R. ___, 2006 WL 3794347 (10th Cir. BAP Dec. 27, 2006) (finding that the bankruptcy court could reduce counsel's fees notwithstanding that the fees were provided for by the confirmed chapter 13 plan); Davila, 210 B.R. at 732 (citing In re Josey, 195 B.R. 511 (Bankr. N.D. Ga. 1996)) (same). See also In re Parker, 148 B.R. 604, 606 (Bankr. D. Idaho 1992) (finding that confirmation is not always binding on the amount of a claim). This exception to the *res judicata* effect of confirmation has also been recognized in other instances in which the Bankruptcy Code specifically provides for a different result than that provided for by the plan. See In re Carr, 318 B.R. 517, 521 (Bankr. W.D. Wis. 2004) (recognizing that a creditor with a first lien on debtor's residence was not bound by the terms of the plan valuing the creditor's claim since the Bankruptcy Code prohibited valuation). Since the Court is required to construe the statute as a whole, the Court would not preclude the Objection on grounds of *res judicata*

15

because the Bankruptcy Code specifically empowers the Trustee with the authority to oppose Counsel's compensation at any time.

## VI. Conclusion

The setting of a reasonable fee in a chapter 13 case is not an exact science. The use of a presumptive fee is subject to flaws and could result in attorneys performing work in a case for which they are not fully compensated. That flaw is mitigated by allowing the attorney to request an additional fee and present evidence to justify the additional fee. However, the procedure may also result in an attorney receiving more than she would otherwise receive if the Court were to examine the attorney's hours and rate or other evidence of the value of services. For the volume practitioner in this area, the use of a presumptive fee would seem to balance out. The more likely alternative procedure would appear to be to require attorneys to submit detailed time records subject to a court review prior to the attorney receiving compensation; however, this result would likely be expensive and time consuming and thus undesirable to the bar. It is the Court's desire that Counsel and other well qualified attorneys be encouraged to practice in this Court because they are justly compensated. The current system, despite some flaws, appears to strike an appropriate balance between affordability for debtors and fairly compensating their attorneys. However, in this case, the Court cannot award Counsel additional fees under applicable law absent evidence that those fees were earned and are otherwise reasonable. Therefore, because Counsel has failed to meet her burden of proof, the Trustee's Objection is sustained and Counsel's post-petition attorney's fees are allowed in the amount of $1,477.00.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
March 2, 2007